IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PERSEUS DISTRIBUTION, INC., and PERSEUS BOOKS, LLC,<br><br>    Plaintiffs,<br><br>  v.<br><br>CF COMMUNICATIONS, LLC, dba TELEKENEX, INC.,<br><br>    Defendant.<br>_____/ | No. C 08-044 CW<br><br>TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY A PRELIMINARY INJUNCTION SHOULD NOT ISSUE |

    Plaintiffs Perseus Distribution, Inc. and Perseus Books, LLC move for a temporary restraining order. Defendant CF Communications, LLC has not opposed the motion and has informed Plaintiffs that it does not intend to obtain counsel. Miller Decl. ¶ 6. A corporation may appear in federal court only through licensed counsel. See Rowland v. California Men's Colony, 506 U.S. 194, 201-02 (1993); United States v. High Country Broad. Co., 3 F.3d 1244, 1245 (9th Cir. 1993); see also Civ. Local Rule 3-9(b) ("A corporation . . . may appear only through a member of the bar

of this Court"). Therefore, the Court considers the merits of Plaintiffs' motion without an opposition from Defendant. Having considered Plaintiffs' papers, the Court grants Plaintiffs' motion for a temporary restraining order and orders Defendant to show cause why a preliminary injunction should not issue.

A temporary restraining order may be issued only if "immediate and irreparable injury, loss, or damage will result to the applicant" if the order does not issue. Fed. R. Civ. P. 65(b). To obtain a temporary retraining order, the moving party must establish either: (1) a combination of probable success on the merits and the possibility of irreparable harm, or (2) that serious questions regarding the merits exist and the balance of hardships tips sharply in the moving party's favor. See Baby Tam & Co. v. City of Las Vegas, 154 F.3d 1097, 1100 (9th Cir. 1998); Rodeo Collection, Ltd. v. W. Seventh, 812 F.2d 1215, 1217 (9th Cir. 1987).

The Court finds that Plaintiffs have made a sufficient showing of likely success on the merits of their claim and of irreparable harm to justify granting the relief they seek. Therefore, the motion for a temporary restraining order is GRANTED and Defendant is hereby ORDERED to release the following telephone numbers and take any steps necessary to allow Plaintiffs to activate service with TelePacific Communications.

```
(510) 528-1444
(510) 528-3444
(510) 528-5511
(510) 528-7211
(510) 528-8167
(510) 528-9555
(510) 558-0156
```

2

```
        (510) 558-0422
        (800) 261-7503
        (800) 788-3122
```

This temporary restraining order is effective on Plaintiffs' posting a bond in the amount of $60,000, one half of the termination fee Defendant claims it is owed.  In the alternative, Plaintiffs may post a bond in the amount of $1,000, in which case Defendant is ordered to restore forthwith service on the numbers listed above.  In either case, the temporary restraining order shall remain in effect until the Court rules on Plaintiffs' motion for a preliminary injunction.

It is further ORDERED that Defendants show cause before this Court on January 24, 2008 at 2:00 p.m., or as soon thereafter as counsel may be heard, why an order should not be issued pursuant to Rule 65 of the Federal Rules of Civil Procedure enjoining Defendants or their agents during the pendency of this action from undertaking or permitting any action of any kind that prevents Plaintiffs from porting the telephone numbers listed above to service with TelePacific Communications.

If Defendant wishes, it may respond to this order to show cause by filing a written submission on or before January 17, 2008. In order to do so Defendant must retain counsel.  As stated above, a corporation may appear in federal court only through licensed counsel.  A corporate defendant that fails to appear in court through licensed counsel is in default, and the plaintiff is entitled to entry of default against it.  See High Country, 3 F.3d at 1245.  If Defendant does file a written submission, Plaintiffs may reply on or before January 20, 2008.  If Defendant does not

3

retain counsel and does not appear to oppose the order to show cause, a preliminary injunction will issue and Plaintiffs may seek entry of default.

IT IS SO ORDERED.

Dated: 1/4/08

*Claudia Wilken*
CLAUDIA WILKEN
United States District Judge